IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| PAUL A. HATCH,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA t/a CIGNA<br>INSURANCE GROUP,<br><br>    Defendant. | Civil Action No.: 1:09-cv-00340-WMN |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Life Insurance Company of North America ("LINA"), by and through its undersigned counsel, hereby submits its Answer to Plaintiff's Complaint.

### Jurisdiction

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant states that the allegations contained in Paragraph 1 of Plaintiff's Complaint state legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant admits that Plaintiff purports to allege a claim arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendant states that the allegations contained in Paragraph 2 of Plaintiff's Complaint state legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant does not challenge the jurisdiction of this Court.

### Parties

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations related to Plaintiff's

citizenship or residency and, therefore, denies the same. Defendant denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4. Answering Paragraph 4 of Plaintiff's Complaint, LINA denies that it is trading as "CIGNA Group Insurance." LINA admits that it is an insurance company organized and existing under the laws of a State other than Maryland.

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the meaning of the phrase "at all relevant times" and, therefore, denies the allegations contained in Paragraph 5 of Plaintiff's Complaint. Answering further, Defendant admits that it is registered to do business in the State of Maryland. Defendant further admits that it regularly conducts business in the State of Maryland. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

## Facts

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the meaning of the phrase "at all relevant times" and, therefore, denies the allegations contained in Paragraph 6 of Plaintiff's Complaint. Answering further, Defendant admits that Plaintiff was an employee of Computer Sciences Corporation and admits that it issued Group Disability Insurance Policy LK0001945 (the "Policy") to Computer Sciences Corporation to fund the Computer Sciences Corporation Long Term Disability Plan (the "Plan"), and admits that Plaintiff was a participant in the Plan and insured under the Policy. Defendant is without knowledge or information sufficient to form a belief as to the meaning of the phrase "administered by Defendant" and, therefore, denies the allegations contained in Paragraph 6 of Plaintiff's Complaint concerning administration of the Policy. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Answering Paragraph 7 of Plaintiff's Complaint, Defendant admits that the Policy was "issued under an 'employee benefit plan'" governed by ERISA. Defendant further admits that the "employee benefit and benefit plan in question are covered by ERISA" and that Plaintiff was a "participant or beneficiary" under the Plan. Defendant denies that it is the Plan Administrator, as that term is defined by ERISA. Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits that Plaintiff "received disability benefits up to and including September 28, 2008."

10.     Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits that it "ceased paying benefits on September 28, 2008" based on a decision it communicated to Plaintiff in a letter dated August 28, 2008. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Answering Paragraph 13 of Plaintiff's Complaint, Defendant states that the referenced Policy is a document that speaks for itself and respectfully refers the Court to the Policy for its actual language and full text. Defendant denies any attempt by Plaintiff to characterize the Policy and denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Answering Paragraph 14 of Plaintiff's Complaint, Defendant denies that Plaintiff is disabled. Answering further, Defendant states that it is without knowledge or information

EAST\42396660.1

sufficient to form a belief as to the truth of the allegations related to Plaintiff's care and treatment and, therefore, denies the same. Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant denies that it is liable to Plaintiff for any benefits due under the Policy. Defendant specifically denies that Plaintiff is entitled to monthly benefits, interest, costs or attorney's fees. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant admits that Plaintiff exhausted only those claims raised and decided during the claim and appeals process and as reflected in the administrative record. Defendant denies that any other claims and/or issues have been exhausted. Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

Answering the WHEREFORE Paragraph immediately following Paragraph 18 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief. Specifically, Defendant denies that Plaintiff is entitled to judgment in his favor, declaratory or injunctive relief or that Plaintiff is entitled to any past due benefits, attorney's fees, costs, expenses of any other relief sought.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief could be granted.

## Second Affirmative Defense

Defendant invokes each and every defense available under Federal Rule of Civil Procedure 8(c).

## Third Affirmative Defense

Plaintiff's claims are barred by the plain terms of the employee benefit plan upon which Plaintiff bases his claim.

## Fourth Affirmative Defense

Plaintiff seeks benefits pursuant to an employee benefit plan governed by ERISA. All determinations made by the Defendant or its designees regarding Plaintiff's claim for benefits were based upon substantial evidence in the claims file and in accordance with the terms of the Plan and in the interest of the Plan participants.

## Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## Sixth Affirmative Defense

This court lacks jurisdiction over any claim or alleged damage that was not raised in Plaintiff's claim for benefits or Plaintiff's appeal of the denial of his claim for benefits.

## Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant and its designees complied with their legal obligations under ERISA.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## Ninth Affirmative Defense

Plaintiff is not disabled under the terms of Group Insurance Policy LK 0001945, issued by LINA to fund long term disability benefits under the Computer Sciences Corporation Disability Plan.

### Tenth Affirmative Defense

Plaintiff is not entitled to long term disability benefits under the Policy or the Plan.

### Eleventh Affirmative Defense

The decision to deny Plaintiff's claim for long term disability benefits under the Plan was legally correct, was not arbitrary and capricious and did not result from an abuse of discretion.

### Twelfth Affirmative Defense

LINA discharged its duties with respect to the Plan in accordance with the documents and instruments governing the Plan and ERISA.

### Thirteenth Affirmative Defense

LINA discharged its duties with respect to the Plan in the sole interest of all Plan participants and beneficiaries, and in doing so, LINA acted in accordance with the terms of the Plan.

### Fourteenth Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after a reasonable inquiry upon the filing of Plaintiff's Complaint and, therefore, Defendant reserves the right to amend its Answer to Plaintiff's Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust the Plan's administrative procedures.

### Sixteenth Affirmative Defense

Any relief awarded to plaintiff may be reduced or offset by benefits with which the group Policy of Plan integrates, if any, or should be otherwise reduced as required by law.

WHEREFORE, Defendant prays this Court for judgment that:

A. Plaintiff takes nothing in this action;

B. Defendant be awarded its attorney's fees incurred in this suit;

C. Defendant be awarded its costs incurred in this suit; and

D. The Court award Defendant such other and further relief as it deems proper.

/s/
Ian C. Taylor (Fed. Bar No. 26473)
T. Brendan Kennedy (Fed. Bar No. 16142)
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, MD 21209
(t) 410-580-3000
(f) 410-580-3001
ian.taylor@dlapiper.com
Brendan.kennedy@dlapiper.com

*Attorneys for Defendant.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April, 2009, a copy of the foregoing Defendant's Answer to Plaintiff's Complaint was filed and served via electronic mail upon:

Andre' R. Weitzman, Esq.
Equity House
14 W. Franklin Street
Baltimore, Maryland 21201
(410) 727-3505
aequityhouse@aol.com
Attorney for Plaintiff.

                                                /s/
                                      T. Brendan Kennedy